JONATHAN W. FOUNTAIN, ESQ.
Nevada Bar No. 10351
JOANNA M. MYERS, ESQ
Nevada Bar No. 12048
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

*Attorneys for Plaintiff Paradise Law LLC*

HOWARD & HOWARD ATTORNEYS PLLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PARADISE LAW LLC, a Nevada limited liability company,

Plaintiff,

v.

PLG PARTNERS LLC, a Nevada limited liability company,

Defendant.

Case No.: 2:24-cv-852

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Paradise Law LLC ("Plaintiff or "Paradise Law") states its Complaint against Defendant PLG Partners LLC ("Defendant") as follows.

**NATURE OF THE CASE**

This is a trademark infringement action arising from Defendant's intentional selection and use in commerce of the mark PARADISE LAW GROUP (the "Infringing Mark"), a mark that is legally identical to Plaintiff's trademark PARADISE LAW (the "Mark"), in violation of both federal and state trademark and unfair competition laws. Defendant's adoption of the Infringing Mark has caused significant actual confusion in the marketplace—the very hallmark of trademark infringement—and the principal evil the trademark laws are designed to prevent.

As set forth more fully below, Plaintiff alleges claims for trademark infringement, false

designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*., pursuant to Section 598.0915 of the Nevada Revised Statutes, and pursuant to Nevada common law. Plaintiff seeks a judgment permanently enjoining Defendant's unauthorized use of the Infringing Mark, an award of damages, fees, and costs, including reasonable attorneys' fees, resulting from Defendant's infringing conduct, and for such other relief as the Court may deem just and proper.

## PARTIES

1. Plaintiff is a Nevada limited liability company having an address at 500 North Rainbow Blvd Ste 300, Las Vegas, Nevada 89107.

2. Upon information and belief, Defendant is a Nevada limited liability company having an address at 8978 Spanish Ridge Ave., Suite 101, Las Vegas, Nevada 89148.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as Plaintiff's trademark claims arise under the laws of the United States.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant is a Nevada limited liability company that maintains its principal place of business and conducts continuous and systematic business in this judicial district.

6. Venue is proper in the unofficial Southern Division of this judicial district under 28 U.S.C. § 1391 because, among other reasons, Defendant resides, maintains its principal place of business, transacts business within, and provides its services in this judicial district.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S USE AND OWNERSHIP OF THE PARADISE LAW MARK

7. Plaintiff was formed in 2020 and is a law firm offering legal services in Nevada, among other states.

8. Plaintiff has used the Mark in Nevada since at least as early as May 2020, and has used the Mark in interstate commerce since at least as early as August 2020.

HOWARD & HOWARD ATTORNEYS PLLC

9. Over the course of the last four (4) years, Plaintiff's Mark, and the services offered thereunder, have gained significance among the consuming public and have become well-known for the highest quality of legal representation.

10. As a result of Plaintiff's exclusive and widespread use of the Mark, Plaintiff has become widely recognized and has garnered tremendous goodwill with the public and consumers of legal services in Nevada.

11. In addition to its common law rights, Plaintiff's trademark rights in the Mark are evidenced by its ownership of a Nevada certificate of registration for the Mark (Reg. No. 202400049323-38) in Class 101 for "legal services."

12. Plaintiff also owns the domain name <paradiselaw.com>, which it registered on October 22, 2020. Plaintiff's domain name resolves to its website at www.paradiselaw.com, which prominently displays the Mark in connection with Plaintiff's direct contact information for individuals seeking legal services.

**DEFENDANT'S INFRINGING ACTIONS**

13. Defendant is a law firm offering legal services in Las Vegas, Nevada.

14. According to the Nevada Secretary of State online records, Defendant was formed on February 8, 2024.

15. Almost immediately following Defendant's formation, Defendant's use of the Infringing Mark to offer competing legal services began causing actual confusion in the marketplace.

16. In less than 2 months since Defendant's formation, there have been *at least* ten (10) instances of actual confusion.

17. On February 29, 2024, Plaintiff received written correspondence from Las Vegas Radiology/Cardiology regarding a client of Defendant and seeking lien approval.

18. On or about March 15, 2024, Plaintiff received written correspondence from Pueblo Medical Imaging's Lien Department regarding Defendant's client, mistakenly believing Plaintiff to be Defendant. In that communication, Pueblo Medical Imaging asserted that it had made numerous unsuccessful attempts to contact "Paradise Law" regarding the client's exam and

treatment.

19. On March 15, 2024, Plaintiff also received a fax from Pueblo Medical Imaging regarding a Radiology Referral Form regarding Defendant's client, again, mistakenly believing Plaintiff to be Defendant. The correspondence was addressed to "Paradise Law."

20. On March 15, 2024, Plaintiff received a fax from Pueblo Medical Imaging containing the results of Defendant's client's Computed Tomography Angiography ("CTA") examination.

21. On March 15, Plaintiff received written correspondence from Velazquez Pain Relief Center seeking information regarding one of Defendant's client.

22. On April 1, 2024, counsel for Plaintiff contacted Defendant, putting it on notice of Plaintiff's rights in and to the Mark and informing Defendant that there were multiple cases of actual confusion.

23. That same day, Defendant contacted counsel for Plaintiff and discussed the trademark dispute at issue in this case.

24. Plaintiff is informed and believes, and thereupon alleges, that one day later, on April 2, 2024, Defendant registered the Infringing Mark as a Fictitious Firm Name with Clark County, Nevada.

25. Despite having actual knowledge of Plaintiff's rights in the Mark, Defendant refuses to cease its infringing behavior and the actual confusion occurring in the marketplace is ongoing.

26. On April 2, 2024, Plaintiff received a voicemail from CCMSI seeking information regarding the disability of one of Defendant's patients.

27. On April 15, 2024, Plaintiff received a fax from a physician regarding a lien and statement of account for one of Defendant's clients.

28. On May 2, 2024, Plaintiff received a written communication from yet another physician containing medical information regarding to one of Defendant's clients.

29. On May 6, 2024, Plaintiff received an invoice from Las Vegas Pharmacy, Inc. intended for Defendant, indicating that there is a "duly executed lien on file."

HOWARD & HOWARD ATTORNEYS PLLC

30. On May 6, 2024, Plaintiff received a voicemail from Smith Therapy Partners regarding Defendant's client's physical therapy and an attorney's lien regarding the same.

31. The actual confusion caused by Defendant's use of the Infringing Mark has wasted Plaintiff's time, resources, caused a loss of potential clients and business, and has harmed Plaintiff's reputation and goodwill. In fact, a vendor conveyed concern that one of the "Paradise Law" parties was a scam.

32. Defendant's continued use of the Infringing Mark has further resulted in confused third parties sending confidential and privileged information concerning Defendant's clients to Plaintiff.

33. As a direct and proximate result of Defendants' wrongdoing, Plaintiff has suffered and, absent injunctive relief, will continue to suffer, irreparable injury and harm to its business, reputation, and goodwill, as well as pecuniary injury and monetary loss.

34. In light of the foregoing, Plaintiff has filed this civil action to address the Defendant's ongoing infringement of Plaintiff's Mark.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))**

35. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

36. The Infringing Mark is a mark that is identical and/or confusingly similar to Plaintiff's Mark. Defendant is using the Infringing Mark in interstate commerce and without Plaintiff's consent in connection with the advertising, sale, and performance of services that are identical to or related to the services offered by Plaintiff in interstate commerce under Plaintiff's Mark.

37. Defendant's unauthorized use of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to falsely believe that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or to falsely believe that Defendant is in some way affiliated with or

HOWARD & HOWARD ATTORNEYS PLLC

sponsored by Plaintiff.

38. Defendant's unauthorized use of the Infringing Mark infringes Plaintiff's rights in its Mark and constitutes use of a false designation of origin and misleading description and representation of fact.

39. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and is intended to trade on Plaintiff's goodwill.

40. Defendant's conduct as alleged herein constitutes trademark infringement, unfair competition, and/or false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, economic damages and injury to its business, as well as irreparable harm and injury to its reputation and goodwill. Plaintiff has no adequate remedy at law.

42. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement Pursuant to NRS § 600.420)**

43. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

44. Plaintiff owns a Nevada state trademark registration for the Mark, which Plaintiff has used in commerce since at least as early as 2020.

45. Defendant is using the Infringing Mark in commerce in this State, without Plaintiff's consent. Defendant's use of the Infringing Mark consitutes a reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mark, and Defendant is using the Infringing Mark in

connection with the sale, offerring for sale, or advertising of services that are identical or related to those offered by Plaintiff, and, therefore, Defendant's use of the Infrining Mark is likely to cause, and has caused, confusion or mistake or result in deception as to the source or origin of Defendant's services.

46. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause, and has caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and is intended to trade on Plaintiff's goodwill.

47. Defendant's conduct as alleged herein constitutes trademark infringement in violation of NRS § 600.420.

48. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, economic damages and injury to its business, as well as irreparable harm and injury to its reputation and goodwill. Plaintiff has no adequate remedy at law.

49. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under NRS § 600.430, together with prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

50. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

51. By virtue of having used and continuing to use the Mark in commerce, Plaintiff has acquired common law trademark rights in the Mark.

52. Defendant's use of a mark that is identical and/or confusingly similar to the Plaintiff's Mark, infringes upon Plaintiff's common law rights in the Mark, and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by Plaintiff, when in fact, they are not.

53. Upon information and belief, Defendant's conduct as alleged herein is willful and

HOWARD & HOWARD ATTORNEYS PLLC

HOWARD & HOWARD ATTORNEYS PLLC

is intended to and is likely to cause, and has caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and is intended to trade on Plaintiff's goodwill.

54. Defendant's conduct as alleged herein constitutes trademark infringement in violation of the common law of the State of Nevada.

55. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, economic damages and injury to its business, as well as irreparable harm and injury to its reputation and goodwill. Plaintiff has no adequate remedy at law.

56. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under NRS § 600.430, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**

**(Deceptive Trade Practices Pursuant to NRS § 598.0915 and § 41.600)**

57. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

58. Plaintiff is informed and believes, and thereupon alleges, that in the course of conducting Defendant's business, Defendant knowingly made false representations as to an affiliation, connection and/or association with Plaintiff by using the Infringing Mark, which is a mark identical, or confusingly similar to Plaintiff's Mark, and Defendant has otherwise engaged in deceptive trade practices.

53 As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, economic damages and injury to its business, as well as irreparable harm and injury to its reputation and goodwill. Plaintiff has no adequate remedy at law.

54. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages, reasonable attorneys' fees, and the costs of the action under NRS § 598A.210, together with prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of a judgement ordering and declaring:

A. That Defendant and its respective officers, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons and/or entities acting in concert with any of them, be enjoined from:

a. Directly or indirectly infringing, using, or displaying the Infringing Mark, the Mark, and/or any mark confusingly similar to the Mark, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away and services or products which infringe, use, or display the Mark, or any marks confusingly similar thereto;

b. Using any term that is likely to be confused with the Mark;

c. Falsely representing, misleading, or deceiving the public or consumers into believing that the services or products advertised, promoted, produced, distributed, sold, or offered for sale by Defendant originate from Plaintiff, or are sponsored, approved, licensed by, or associated with Plaintiff, or that Defendant or their services or products are in some way associated or affiliated with Plaintiff;

d. Committing any other acts calculated to or that do unfairly compete with Plaintiff in any manner;

e. Filing or maintaining any business license or fictitious firm name registration, using the Mark or any mark confusingly similar thereto; and

f. Registering, using, or trafficking in any trade name or domain name containing or consisting of the Mark or any mark confusingly similar thereto.

B. That pursuant to 15 U.S.C. § 1117(a) and/or NRS § 600.430, Defendant be required to account for all profits derived by Defendant from its trade, infringing conduct, unfair practices and competition, and for an award to Plaintiff of the amount of those profits, in amounts to be proven at trial, to Plaintiff;

C. That, in addition to being ordered to pay the lost profits attributable to the infringing conduct complained of herein to Plaintiff, Defendant also be ordered to pay its

HOWARD & HOWARD ATTORNEYS PLLC

infringing profits as monetary damages and reasonable royalties, to be increased by the Court by an amount as the Court deems to be just, together with Plaintiff's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117 of the Lanham Act, NRS § 600.430, and NRS § 41.600, and paid to Plaintiff;

D. That Defendant be ordered to pay for corrective advertising in an amount to be ascertained at trial;

E. That Defendant pay exemplary or punitive damages to the extent available under, and according to law;

F. That, pursuant to 15 U.S.C. § 1117, NRS § 600.430, and NRS § 41.600, Defendant pay all of Plaintiff's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademark rights and in connection with all efforts to stop Defendant's trademark infringement, and unfair competition;

G. That Defendant has willfully and deliberately committed acts of trademark infringement and unfair competition against Plaintiff;

H. That Defendant be ordered to pay interest according to law;

I. For all such other, further, and different relief that this Court deems just and proper.

DATED: this 6th day of May 2024.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

By: /s/ Joanna M. Myers
JONATHAN W. FOUNTAIN, ESQ.
JOANNA M. MYERS, ESQ.
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483

*Attorneys for Plaintiff Paradise Law LLC*