1

2

3

4                   UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                                * * *

7    PARADISE LAW LLC,                          Case No.2:24-CV-852  JCM (NJK)

8                               Plaintiff(s),
                                                          ORDER
9         v.

10   PLG PARTNERS LLC,

11                              Defendant(s).

12

13          Presently before the court is plaintiff Paradise Law LLC's motion for preliminary

14   injunction.  (ECF No. 6).  Defendant PLG Partners LLC filed a response (ECF No. 9), to which

15   plaintiff replied.  (ECF No. 10).

16          Also before the court is defendant's motion to dismiss plaintiff's complaint.  (ECF No. 12).

17   Plaintiff filed a response (ECF No. 14).

18

19          Also before the court is defendant's motion to amend its motion to dismiss.  (ECF No. 19).

20   Plaintiff filed a response.  (ECF No. 21).

21          Also before the court is plaintiff's supplemental declaration in support of its motion for

22   preliminary injunction.  (ECF No. 24).

23

24          Also before the court is plaintiff's motion to seal an exhibit filed with its supplemental

25   declaration.  (ECF No. 25).

26   **I.      Background**

27          This action arises out of alleged trademark infringement.  The following allegations derive

28   from plaintiff's complaint.  Plaintiff is a law firm in Nevada that was formed in 2020.  (ECF No.

1 at 3).  Plaintiff has used the PARADISE LAW mark since May 2020.  (*Id.* at 2).  Defendant is also a law firm in Nevada that was formed on February 8, 2024.  (*Id.* at 3).  Defendant operates under PARADISE LAW GROUP—the alleged infringing mark.  (*Id.*).

After defendant began using the infringing mark, there have been numerous instances of confusion in the marketplace.  (*Id.*; ECF No. 6 at 3).  Plaintiff alleges that it has received communication from physicians, medical offices, insurance companies, and pharmacies who have mistaken it for defendant.  (ECF No. 1 at 3-5; ECF No. 6 at 4-7).

Plaintiff's complaint alleges: (1) trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a), (2) trademark infringement under NRS § 600.420, (3) common law trademark infringement, and (4) deceptive trade practices under NRS § 598.0915 and § 41.600.  (ECF No. 1 at 5-8).  Plaintiff moves for a preliminary injunction.  (ECF No. 6).  Defendant moves to dismiss plaintiff's complaint.  (ECF No. 12).  Defendant also moves to amend its motion to dismiss.  (ECF No. 19).

## II.    Plaintiff's Motion for a Preliminary Injunction

"All motions may be considered and decided with or without a hearing."  LR 78-1.  The court has sufficient information to decide the instants motions based on the filings and thus denies any request for oral argument.  *See id.*

As an initial matter, the court will disregard plaintiff's supplement to its motion for preliminary injunction.  The supplement does not change the court's disposition of the instant motion.  However, the court finds that compelling reasons exist to grant plaintiff's motion to seal Exhibit A.  (ECF No. 25).

The need to keep the information in the exhibit sealed outweighs the public's interest in disclosure and access to court records.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d

1172, 1178–79 (9th Cir. 2006) (explaining that courts must balance the competing interests "of the public and the party who seeks to keep certain judicial records secret").  Plaintiff is given leave to file the exhibit under seal, and the clerk of court is instructed to maintain it under seal.

A.  Legal standard

Preliminary injunctive relief is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689–690 (2008) (internal citations omitted).  The Supreme Court has instructed that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).  The test is conjunctive; the party seeking the injunction carries the burden of persuasion for each element.

The plaintiff must make a threshold showing of likelihood of success on the merits and irreparable harm, but a stronger showing on one element may offset a weaker showing on another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–33 (9th Cir. 2011).  Courts employ a sliding scale: "serious questions going to the merits and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations omitted).

B.  Discussion

Plaintiff moves for a preliminary injunction to stop defendant's use of the PARADISE LAW GROUP mark or any mark that is identical or confusingly similar to plaintiff's PARADISE LAW mark.  (ECF No. 6).

As an initial matter, defendant filed a 29-page response to plaintiff's motion for preliminary

injunction.  (ECF No. 9).  "All other motions, responses to motions [including preliminary injunctions], and pretrial and post-trial briefs are limited to 24 pages, excluding exhibits."  LR 7-3(b).  Local Rule 7-3(c) provides that "[t]he court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted."  Moreover, a motion to exceed the page limits must be filed.  *See* LR 7-3(c).

Here, defendant did not ask this court for permission to file its response over the 24-page limit.  The court admonishes defendant for its failure to comply with the local rules of this court and reminds counsel that the court may strike any document that does not conform with the local rules.  *See* Local Rule IA 10-1(d).  However, having considered the *Winter* factors, the court denies plaintiff's motion for preliminary injunction.

1.  Likelihood of success on the merits

To prevail on a trademark infringement claim, plaintiff must show: (1) it has a valid, protectable mark; and (2) defendant's use of the mark is likely to cause consumer confusion. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047, 1053 (9th Cir. 1999).[1]

As an initial matter, plaintiff fails to provide this court with any authority that its Nevada-registered mark can serve as proof of a valid, protectable mark under the Ninth Circuit's standard for trademark infringement.  Thus, in the absence of federal registration, plaintiff must be the first to use its mark in commerce and such use must be lawful.  *See S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 926, 930-32 (9th Cir. 2014).  It cannot be disputed that plaintiff was the first to lawfully use the PARADISE LAW mark.  (*See* ECF No. 6).

---

[1] The court analyzes plaintiff's federal and state law trademark infringement claims under the same standard.  *See Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1193 (D. Nev. Feb. 19, 2003).

However, certain marks are not entitled to trademark protection. There are four categories of terms for trademarks: 1) generic; 2) descriptive; 3) suggestive; and 4) arbitrary or fanciful. *Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999) (citing *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979)). Suggestive, arbitrary, or fanciful marks can be protected without proving secondary meaning. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979).

Defendant argues that plaintiff is unable to prove that the PARADISE LAW mark is descriptive. (ECF No. 9 at 12). Plaintiff argues that its mark is arbitrary. (ECF No. 6 at 10).

A descriptive mark "describes the qualities or characteristics of a good or service." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985). It "define[s] qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1141-42 (9th Cir. 2002) (quoting *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998)).

A descriptive mark without acquiring secondary meaning in the minds of the public is not entitled to trademark protection. *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007). "Whether a mark suggests or describes the goods or services of the trademark holder depends [on] what those goods or services are. We therefore adjudge a mark's strength by reference to the goods or services that it identifies…" *Entrepreneur Media*, 279 F.3d at 1142 (quotation marks omitted).

The most common test used to differentiate between a mark that is descriptive or suggestive is the "imagination" test, which asks whether "imagination or a mental leap is required in order to reach a conclusion as to the nature of the product being referenced." *Rudolph Int'l, Inc.*, 482 F.3d

- 5 -

at 1198 (quotation marks omitted).  If either is required, the mark is suggestive.

Moreover, "[w]hile not determinative, dictionary definitions are relevant and often persuasive in determining how a term is understood by the consuming public…"); c*f. Entrepreneur Media*, 279 F.3d at 1142 (holding that "Entrepreneur" is merely descriptive as the name of a magazine because an "entirely unimaginative, literal-minded person" would understand its meaning).

Plaintiff argues that the PARADISE LAW mark is a play on the words "pair of dice" and is thus an arbitrary mark.  (ECF No. 6 at 10).  This argument is unavailing.  PARADISE LAW cannot be considered arbitrary where it explicitly includes LAW in the mark.  "An arbitrary mark … uses common words in a fictitious and arbitrary manner to create a distinctive mark which identifies the source of the product."  *Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1130 n.7 (9th Cir. 1998).

The word LAW describes plaintiff's services, directly referring to the legal profession.  A mental leap is not required to understand the mark's relationship to plaintiff's services.  The court finds that defendant would likely be able to prove that plaintiff's mark is descriptive.[2]  Plaintiff has failed to meet its burden of proving that it has a valid, protectable mark.  Therefore, plaintiff is not likely to succeed on the merits of its claims.[3]

2.  Irreparable harm

A preliminary injunction may be granted if economic injuries are accompanied by "the

---

[2]  Because the mark is descriptive, plaintiff must show that the mark has acquired a secondary meaning in the minds of the public.  *Rudolph Int'l, Inc.*, 482 F.3d at 1198.  Plaintiff, in conclusory fashion, states that "the services [it] offers […] have garnered significant commercial success."  (ECF No. 10 at 5).  Without more, the court cannot conclude that plaintiff has acquired secondary meaning for its mark.

[3]  Because plaintiff has failed to prove that it has a protected trademark, the court need not analyze whether defendant's use of the mark is likely to confuse consumers.

infliction of intangible injuries" such as loss of reputation or goodwill. *Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 519 (9th Cir. 1984). But the plaintiff must show that such an injury is "*likely* in the absence of an injunction," not merely possible. *Winter*, 555 U.S. at 22.

Plaintiff also fails to prove irreparable harm. Plaintiff offers only conclusory recitations of the law, not evidence that its business, reputation, and goodwill have been harmed or will continue to be harmed. It is unclear how plaintiff has been or will continue to be harmed by accidental communication from medical providers, pharmacies, etc. This factor weighs in favor of defendant.

3. Balance of equities

The "basic function of a preliminary injunction is to preserve the status quo pending a determination on the merits." *Department of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.,* 448 F.3d 1118, 1124 (9th Cir. 2006). Plaintiff contends that an injunction would "merely require defendant to refrain from using the infringing mark." (ECF No. 6 at 17). However, such an injunction would harm defendant because it would have to spend significant money rebranding and possibly closing its firm. The third factor weighs in favor of defendant.

4. Public interest

Because trademark law seeks to prevent consumer confusion, a preliminary injunction would serve the public interest. *See generally* 15 U.S.C. § 1125(a)(1). However, this factor alone is not sufficient to grant plaintiff's motion. Thus, after carefully considering the *Winter* factors, the court denies plaintiff's motion for preliminary injunction.

**III.    Defendant's Motion to Amend and Motion to Dismiss**

A. Motion to amend

Defendant moves to amend its motion to dismiss to correct multiple "errors." (ECF No.

19).  As discussed below, the court strikes the motion to dismiss.  Defendant incorrectly contends that Fed. R. Civ. P. 15(a)(1) allows it to amend its motion to dismiss.  (ECF No. 19 at 2).  That rule allows a party to amend a pleading, not a motion.  Fed. R. Civ. P. 15(a)(1).  Defendant's motion to amend its motion to dismiss is denied.

B.  Motion to dismiss

The court finds it necessary to strike defendant's motion to dismiss.  While plaintiff states that it "does not believe that defendant would intentionally attempt to deceive the [c]ourt"—quite the opposite seems true.  (ECF No. 21 at 4).  The blatant disregard for the court and plaintiff's time and resources is inexcusable.

Defendant's motion to dismiss, like its response to plaintiff's motion for preliminary injunction, exceeds the page limits set forth in Local Rule 7-3.  The motion is 29 pages and defendant did not seek permission to file its motion in excess of the page limit.  More importantly, defendant's motion to dismiss relies on several cases that do not exist: *Hyman v. TV One, LLC*, No. B277917, 2018 WL 1896462 (Cal. Ct. App. Apr. 20, 2018); *Deck v. Wells Fargo Bank*, 2011 WL 7776799 (C.D. Cal. Sept. 29, 2011); *Great Basin Brewing Co. v. Reno Great Basin Brewing Co., LLC*, No. 3:11 cv-00113-RCJVPC (D. Nev. May 2, 2011).

Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).  "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  *Id*. at (c)(3).

Thus, the court will issue an order to show cause.  Defendant must respond to this order in

writing and show why the court should not award plaintiff its reasonable expenses incurred in responding to defendant's motion to dismiss and motion to amend.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for preliminary injunction (ECF No. 6) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to seal (ECF No. 25), be and the same hereby is, GRANTED.  The clerk of court is INSTRUCTED to maintain the exhibit under seal.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 12), be and the same hereby is, STRICKEN from the docket.

IT IS FURTHER ORDERED that defendant's motion to amend (ECF No. 19), be and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant SHOW CAUSE in writing, on or before March 7, 2025, why the court should not impose any sanctions.  Plaintiff may file a response no later than seven (7) days after defendant's submission if it so chooses.

IT IS FURTHER ORDERED that failure to timely show cause will result in the imposition of sanctions.

DATED February 24, 2025.

_____
UNITED STATES DISTRICT JUDGE