UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE LAW LLC,<br><br>   Plaintiff,<br><br>v.<br><br>PLG PARTNERS LLC,<br><br>   Defendant. | Case No. 2:24-cv-00852-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 23, 34] |

Pending before the Court is Plaintiff's motion to compel Defendant's financial information. Docket No. 23. Defendant filed a response. Docket No. 28. Plaintiff filed a reply. Docket No. 29. Also pending before the Court is the parties' stipulation to extend the joint pretrial order deadline by 3 months. Docket No. 34. These requests are properly resolved without a hearing. *See* Local Rule 78-1.

On August 8, 2024, the Court entered the scheduling order which, *inter alia*, set the discovery cutoff for December 17, 2024. Docket No. 17. On October 23, 2024, Plaintiff served Defendant with one set of interrogatories and one set of requests for the production of documents. Docket No. 23 at 3. Defendant served its written objections and responses on November 25, 2024, which included the responses to the discovery at issue in the instant motion. *Id*. On January 16, 2025, the dispositive motion deadline expired. *Id*. From December 3, 2024, to February 4, 2025, Plaintiff submits that the parties engaged in the meet-and-confer process regarding the discovery dispute.[1] Docket No. 23 at 3-4. Plaintiff filed the instant motion on February 11, 2025. Docket No. 23.

A party may not unduly delay in moving to compel discovery. *E.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). "Untimeliness is sufficient ground, standing

---

[1] Not all of these discussions qualify as proper meet and confer efforts, as many of them occurred via email and letter. Docket No. 29 at 3-5. *See* LR IA 1-3(f), 26-6(c).

1

alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.*, Case No. 2:13-cv-01340-GMN-NJK, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)). Indeed, courts "will often deny Rule 37(a) motions because the moving party delayed too long." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE, § 2285 (3d ed. Supp. 2019) (collecting cases).

It has long been clear in this District that, absent unusual circumstances, the outer limit for filing a motion to compel is the deadline for filing dispositive motions. *See Gault*, 184 F.R.D. at 622. Discovery motions filed after the deadline for dispositive motions are presumptively untimely and such late-filed motions are routinely denied. *See, e.g., id.*; *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, Case No. 2:15-cv-02422-MMD-NJK, 2018 WL 1787905, at *2 (D. Nev. Jan. 31, 2018), recon. denied, 2018 WL 1785869 (D. Nev. Apr. 13, 2018); *Exobox Techs. Corp. v. Tsambis*, Case No. 2:14-cv-00501-RFB-VCF, 2017 WL 977859, at *1 (D. Nev. Mar. 10, 2017); *Gray v. Cox*, Case No. 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016); *Randazza v. Cox*, Case No. 2:12-cv-02040-JAD-PAL, 2014 WL 12789627, at *2 (D. Nev. Dec. 30, 2014); *Krause v. Nev. Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-CWH, 2014 WL 428675, *2-4 (D. Nev. Feb. 4, 2014), objection overruled, 2014 WL 3592655, at *5 (D. Nev. July 21, 2014); *Agarwal v. Or. Mut. Ins. Co.*, Case No. 2:11-cv-01384-LDG-CWH, 2013 WL 211093, at *5-6 (D. Nev. Jan. 18, 2013). The rationale for this approach is entirely clear: discovery should be completed before moving to the merits stage of litigation and continuing to address the substance of discovery motions filed after the dispositive motion deadline would "disrupt the court's management of its docket and defeat the purpose of the Scheduling Order." *Gray*, 2016 WL 4367236, at *3.

The instant motion is presumptively untimely as it was filed one month after the dispositive motion deadline. Docket No. 32; *see also* Docket No. 17 at 3. In resisting a finding of untimeliness, Plaintiff submits that "unusual circumstances exist that warrant granting the motion despite Plaintiff's delay in filing it." Docket No. 29 at 1. Specifically, Plaintiff submits that the parties "discussed resolution of the instant discovery dispute on an estimated 20 occasions," and

1  that "Defendant promised to provide the requested financial information and Plaintiff's counsel
2  relied on Defendant's counsel's multiple representations that it would provide the requested
3  information." *Id*. At 2. Thus, Plaintiff submits that it held off on filing a motion to compel based
4  on Defendant's representations "in an attempt to keep the cost of this litigation down while
5  continuing to discuss settlement with Defendant's counsel." *Id*. at 2-3.

6        Even when a litigant is not at fault for a discovery issue that has arisen, that party is still
7  required to protect its interests by seeking judicial relief in prompt fashion. *PlayUp, Inc. v. Mintas*,
8  No. 2:21-CV-02129-GMN-NJK, 2025 WL 315118, at *4 (D. Nev. Jan. 27, 2025) (internal citation
9  omitted).  Once the discovery cutoff approached, and especially once the dispositive motion
10 deadline came and went, Plaintiff should have protected its interest by seeking judicial relief.
11 Further, Plaintiff submits that, without this motion, it "will be unable to obtain evidence to support
12 a key component of its case-damages[.]" Docket No. 29 at 11. Assuming this information really
13 is critical to Plaintiff's case, one would have expected Plaintiff to be diligent in obtaining it. *Cf.*
14 *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) ("the alleged
15 importance of the documents appears inconsistent with the delay in seeking the documents"). No
16 explanation has been provided why Plaintiff waited 4 months into the discovery period to serve
17 the requested discovery. These are not unusual circumstances that justify filing of the instant
18 motion one month after the dispositive motion deadline.

19       Accordingly, Plaintiff's motion to compel is **DENIED**. Docket No. 23.
20       Further, the parties' stipulation to extend the joint pretrial order is **DENIED**. Docket No.
21 24. The parties are **ORDERED** to file their joint pretrial order by April 4, 2025.

22       IT IS SO ORDERED.
23       Dated: March 28, 2025

                                                                           Nancy J. Koppe
                                                                          United States Magistrate Judge